Jamal KIYEMBA, Next Friend, et al., Appellees/Cross–Appellants

v.

George W. BUSH, President of the United States, et al., Appellants/Cross–Appellees.

Nos. 05–5487, 05–5488.

United States Court of Appeals, District of Columbia Circuit.

March 22, 2007.

Susan Baker Manning, Bingham McCutchen LLP, Washington, DC, Barbara J. Olshansky, Center for Constitutional Rights, Christopher Patrick Moore, Cleary Gottlieb Steen & Hamilton LLP,

New York, NY, P. Sabin Willett, Neil Gregory McGaraghan, Jason Stiles Pinney, Bingham McCutchen LLP, Boston, MA, for Appellee.

Robert Mark Loeb, Douglas N. Letter, Litigation Counsel, Catherine Y. Hancock, Peter Douglas Keisler, Gregory George Katsas, U.S. Department of Justice, Washington, DC, for Appellant.

Before: GINSBURG, Chief Judge, and GRIFFITH and KAVANAUGH, Circuit Judges.

## *JUDGMENT*

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties and oral arguments of counsel. Twelve detainees at Guantanamo Bay, Cuba were involved in these cases. Three were non-enemy combatants (Zakirjan, Alladeen, and Saddiq Turkestani). The three non-enemy combatants have been transferred to other countries and released from U.S. custody. The other nine have been determined by the United States to be enemy combatants and remain at Guantanamo Bay (Abdusabur Doe, Abdusamad Doe, Abdunasir Doe, Hammad Doe, Hudhaifa Doe, Jalaal Doe, Khalid Doe, Saabir Doe, and Mamet). It is

ORDERED that the motion to dismiss the appeals as to the three non-enemy combatants be granted. Case Nos. 05–5491, 06–5042, and 06–5234 are hereby dismissed as moot in light of the release of Alladeen and Zakirjan. Case No. 05–5487 is hereby dismissed as moot with respect only to appellee Saddiq Turkestani, who has also been released from custody. The Government's suggestion that the court direct the district court to dismiss as moot all other claims before it is declined. The district court may consider, either *sua sponte* or on motion, whether the remaining claims before it are moot. It is

FURTHER ORDERED AND ADJUDGED that the remaining cases involving the nine enemy combatants be dismissed for lack of subject matter jurisdiction.

After we heard oral argument in this case, the Congress passed the Military Commissions Act of 2006, Pub.L. No. 109–366, 120 Stat. 2600 (2006) (MCA), which the President signed into law on October 17, 2006. Section 7(a) of the MCA amended 28 U.S.C. § 2241(e) to read:

(1) No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination. (2) Except as provided in paragraphs (2) and (3) of section 1005(e) of the Detainee Treatment Act of 2005 ... no court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

28 U.S.C. § 2241(e). The nine remaining Appellees/Cross–Appellants have been determined by the United States to be enemy combatants and are being held at the Guantanamo Bay Naval Base in Cuba. In *Boumediene v. Bush*, 476 F.3d 981 (D.C.Cir.2007), we held the MCA applies to the habeas petitions of enemy combatants being held at Guantanamo. *Id.* at 987–88. We further held the MCA is not

an unconstitutional suspension of the writ of habeas corpus. *Id.* at 988–94. We therefore concluded that "[f]ederal courts have no jurisdiction in these cases." *Id.* at 994. Pursuant to that decision and 28 U.S.C. § 2241(e)(1)-(2), we do not have jurisdiction over the remaining cases.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. R. 41.